UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOCELYNE MOSBY, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:24-cv-3067 |
| SAFELITE FULFILLMENT, INC. d/b/a SAFELITE AUTOGLASS | § § § § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff Jocelyne Mosby complains of Defendant Safelite Fulfillment, Inc., d/b/a Safelite AutoGlass, and for cause of action states:

**Parties**

1.  Plaintiff Jocelyne Mosby ("Mosby" or "Plaintiff") is a resident of Henderson County, Texas.

2.  Defendant, Safelite Fulfillment, Inc., d/b/a Safelite AutoGlass, Inc. ("Safelite" or "Defendant"), is a Delaware corporation. Its principal place of business is in Columbus, Ohio. Defendant may be served with process by serving its registered agent for service of process in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

**Jurisdiction and Venue**

3.  This court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331.

1

4. This Court has personal jurisdiction over Defendant because it does a substantial amount of business in Texas and has sufficient minimum contacts with the State of Texas to allow this Court to exercise personal jurisdiction over the Defendant in this case.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this Court under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred in the State of Texas, and because Mosby would have continued to work in Dallas County (and other counties which comprise the Dallas Division) if not for the unlawful employment practices complained of herein.

## Exhaustion of Administrative Remedies

6. Plaintiff exhausted administrative remedies and complied with all procedural prerequisites to filing this lawsuit by dual filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division, and she has received a notice of his right to sue from the EEOC.

## Relevant Facts

7. Jocelyne Mosby began working for Safelite in 2013. At the time of her termination in 2024, she was the Manager of the company's store located at 2800 Inwood Rd., Dallas, TX 75235.

8. In October 2023, Mosby was driving home from work when she got a call from the area sales manager, Perry Wright. Wright told Mosby he had put a case of White Claws (an alcoholic beverage) in the refrigerator at her store as a thank-you gift for the way she handled a difficult customer.

9. Mosby told Wright she did not want the White Claws because she had stopped drinking to lose weight. She asked Wright not to leave them, and to get them out of the store.

10. Wright told Mosby he had already left the store, and he told Mosby the Customer Advocate (Africa Robinson) was still at the store, and he instructed Mosby to call her.

11. Mosby did as instructed and called Africa Robinson, but she did not answer. Mosby therefore sent Robinson a text message asking her to move the White Claws to the supply room, or to take them home with her if she wanted them. Robinson replied stating she did not want them, but she would move them to the supply room.

12. Mosby was away from the store for the next two days. During her absence, an employee named Candice Taylor took the White Claws home with her.

13. On January 8, 2024, Mosby met with Leroy Tulley, the District Manager over her store location. Tulley asked Mosby if she had asked Robinson to move a case of White Claws in October, and Mosby explained the events described above.

14. Tulley called Mosby later that same day, January 8, 2024. Tulley told Mosby she was being terminated for gross misconduct because she brought alcohol onto Safelite company property.

15. Safelite replaced Mosby with a male employee who became the new store manager.

16. At all times relevant to this case, Safelite was Mosby's "employer" as the term "employer" is defined in 42 U.S.C. § 2000e(b).

17. At all times relevant to this case, Mosby was an "employee" of Defendant as the term "employee" is defined in 42 U.S.C. § 2000e(f).

18. At all times relevant to this case, Safelite employed more than 500 employees.

## First Cause of Action
## Title VII Sex Discrimination

19. Mosby, a female, was qualified to perform her duties as Safelite's employee.

20. Safelite discriminated against Mosby because of her gender by terminating her for bringing alcohol onto company and not terminating (or even disciplining) the male employee who did the exact same thing as Mosby was (falsely) accused of. To Safelite, it was fine if a man did it, but a terminable offence if a woman did it.

21. Because of Safelite's violations of 42 U.S.C. §2000e(k), Mosby has suffered and will continue to suffer loss of income and benefits, suffering, mental anguish, inconvenience, loss of personal status and dignity, loss of enjoyment of life, and other damages. Plaintiff is also entitled to attorneys' fees, expert witness fees, and costs incurred in connection with these claims.

22. Safelite's unlawful and discriminatory acts were committed with malice or reckless indifference to Plaintiff's federally protected rights. Mosby is therefore entitled to, and hereby seeks, punitive damages.

## Equitable and Injunctive Relief

23. Defendant intentionally engaged in the unlawful employment practices described in this Complaint. This Court may therefore enjoin Defendant from engaging in such unlawful employment practices, and order other equitable relief as this Court deems appropriate.

24. Mosby therefore requests an award of injunctive relief prohibiting Defendant from further engaging in the unlawful employment practices described in this Complaint.

25. Mosby also requests reinstatement to her position, with back pay and restoration of benefits and seniority as if never terminated.

## Jury Demand

26. Plaintiff demands a trial by jury on all claims asserted in this Complaint for which a trial by jury is allowed by law.

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment against Defendant awarding the following:

a. Judgment finding that the unlawful actions described in this Complaint constitute violations of Title VII;

b. Judgment enjoining Defendant and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages described in this Complaint;

c. Judgment awarding Plaintiff all compensable damages, including all economic losses, lost past and future income and benefits of employment, and compensatory damages such as suffering, mental anguish, inconvenience, loss of personal status and dignity, and loss of enjoyment of life;

d. Judgment awarding all costs of court, expert witness fees, and attorney fees recoverable by law;

e. Judgment awarding punitive damages;

f. Judgment awarding such other relief under Title VII to which Plaintiff is entitled by law;

g. Judgment awarding all pre-judgment and post-judgment interest to which Plaintiff is entitled by law; and

h. Judgment awarding all other and further relief to which Plaintiff is entitled.

        Respectfully submitted,

        /s/ Donald E. Uloth
        Donald E. Uloth
        Texas Bar No. 20374200
        Law Office of Donald E. Uloth
        18208 Preston Rd. Suite D-9 # 261
        Dallas, Texas 75252
        Phone: (214) 989-4396
        Email: don.uloth@uloth.pro
        Counsel for Plaintiff