IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOCELYNE MOSBY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO. 3:24-cv-03067-K |
| | § | |
| SAFELITE FULFILLMENT, INC. | § | |
| d/b/a SAFELITE AUTOGLASS | § | |
| | § | |
| *Defendant*. | § | **JURY TRIAL DEMANDED** |

**DEFENDANT SAFELITE FULFILLMENT, INC.
d/b/a SAFELITE AUTOGLASS'S ORIGINAL ANSWER**

Defendant, Safelite Fulfillment, Inc. d/b/a Safelite AutoGlass ("Defendant") files this Original Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court the following:

**I.
ANSWER**

**Parties**

1.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations asserted in Paragraph 1 of Plaintiff's Complaint.

2.  Defendant admits that it is a Delaware corporation, and its principal place of business is in Columbus, Ohio. Defendant admits that it was served with Plaintiff's Complaint. Defendant denies the remaining allegations asserted in Paragraph 2 of Plaintiff's Complaint.

**Jurisdiction and Venue**

3.  Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint as conclusions of law to which no response is required. Defendant, however, admits that this Court has jurisdiction over the above-captioned matter.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint as conclusions of law to which no response is required. Defendant, however, admits that this Court has jurisdiction over the above-captioned matter.

5. Defendant admits that venue is proper in the Northern District of Texas, Dallas Division. Defendant denies the remaining allegations asserted in Paragraph 5 of Plaintiff's Complaint.

### Exhaustion of Administrative Remedies

6. Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint as conclusions of law to which no response is required. Defendant admits that Plaintiff submitted a Charge of Discrimination with the EEOC. Defendant denies the remaining allegations.

### Relevant Facts

7. Defendant admits that Plaintiff initially began working for Defendant in 2013. Defendant admits that at the time of her termination, she was a store manager at 2880 Inwood Road, Dallas, TX 75235. Defendant denies the remaining allegations asserted in Paragraph 7 of Plaintiff's Complaint.

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations asserted in Paragraph 8 of Plaintiff's Complaint.

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations asserted in Paragraph 9 of Plaintiff's Complaint.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations asserted in Paragraph 10 of Plaintiff's Complaint

11. Defendant denies the allegations asserted in Paragraph 11 of Plaintiff's Complaint.

12. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations asserted in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that on or around January 8, 2024, Leroy Tunley met with Plaintiff and Plaintiff confirmed that she instructed her subordinate, Africa Robinson, to conceal the alcohol in the supply closet. Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that on or about January 8, 2024, Plaintiff's employment was terminated for her misconduct. Defendant denies the remaining allegations asserted in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations asserted in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint as conclusions of law to which no response is required.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint as conclusions of law to which no response is required.

18. In response to Paragraph 18 of the Complaint, Defendant admits that on the date the Complaint was filed it employed more than 500 associates in the United States. Defendant denies all remaining allegations contained in Paragraph 18 of the Complaint.

**First Cause of Action**
**Title VII Sex Discrimination**

19. Defendant denies the allegations asserted in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations asserted in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations asserted in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations asserted in Paragraph 22 of Plaintiff's Complaint.

**Equitable and Injunctive Relief**

23. Defendant denies the allegations asserted in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies Plaintiff's alleged entitlement to the requested relief in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies Plaintiff's alleged entitlement to the requested relief in Paragraph 25 of Plaintiff's Complaint.

**Jury Demand**

26. Defendant also requests a jury trial.

**Prayer for Relief**

27. Defendant denies Plaintiff's alleged entitlement to the relief requested in Paragraphs a through h of Plaintiff's Complaint.

## II.
## DEFENSES

28. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

29. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, waiver, or laches.

30. All decisions made with respect to Plaintiff's employment were reasonably based on legitimate, non-discriminatory, non-retaliatory reasons, and were made for proper, business-related reasons which were not arbitrary, capricious, or unlawful. Defendant reasonably and in good faith believed it acted in compliance with all applicable laws and regulations, based on all relevant facts and circumstances known at the time it so acted. Defendant's actions did not proximately cause any damages to Plaintiff. Therefore, Plaintiff's claim is barred, in whole or in part, from recovery on the alleged cause of action contained in Plaintiff's Complaint.

31. Plaintiff's claim for punitive damages is barred because Defendant did not act with the requisite malice, intent, disregard, or indifference to Plaintiff's rights and because of Defendant's good-faith efforts to prevent discrimination and comply with the applicable laws.

32. Even if Plaintiff could prove discrimination, which is denied, Defendant would have taken the same employment actions in the absence of any unlawful motivating factors.

33. In the event Defendant discovers any after-acquired evidence, Plaintiff's claims against Defendant or the relief sought by Plaintiff against Defendant may be barred by the doctrine of after-acquired evidence.

34. Plaintiff's damages, the existence of which Defendant denies, should be offset or reduced by any income or benefits each Plaintiff received.

35. Plaintiff's damages, the existence of which Defendant denies, should be offset or reduced because Plaintiff failed to mitigate her damages.

36. Plaintiff's damages, the existence of which Defendant denies, were caused by Plaintiff's own actions and/or her failure to act.

37. Defendant reserves the right to plead, assert, and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or otherwise through discovery.

38. All allegations not specifically admitted are denied.

## III.
## PRAYER

Defendant Safelite Fulfillment, Inc. d/b/a Safelite AutoGlass prays that Plaintiff takes nothing; that Plaintiff's case be dismissed with prejudice; the Court enter judgment that Defendant recover all of its damages, reasonable and necessary attorney's fees, costs of suit, pre-judgment interest, post-judgment interest, and all other interest and damages allowed by law; and all such

other and further relief, legal or equitable, special or general, to which Defendant may show itself justly entitled.

           Respectfully submitted,

           VORYS, SATER, SEYMOUR AND PEASE LLP

           */s/ Monica A. Fitzgerald*
           Monica A. Fitzgerald
           TBN 07088320
           mafitzgerald@vorys.com
           909 Fannin Street, Suite 2700
           Houston, TX 77010
           T: (713) 588-7000
           F: (713) 588-7050

           **ATTORNEY FOR DEFENDANT**
           **SAFELITE FULFILLMENT, INC. D/B/A**
           **SAFELITE AUTOGLASS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2024, I electronically filed *Defendant Safelite Fulfillment, Inc. d/b/a Safelite AutoGlass's Original Answer to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 #261
Dallas TX 75252
don.uloth@uloth.pro
*Attorney for Plaintiff*

*/s/ Monica A. Fitzgerald*
Monica A. Fitzgerald